# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARIO GIBSON,                          Case No. 1:21-cv-292
        Plaintiff,

                                     Barrett, J.
        vs.                        Litkovitz, M.J.

CITY OF CINCINNATI, *et al.*,        **ORDER AND REPORT**
        Defendants.                  **AND RECOMMENDATION**

Pro se plaintiff, an inmate at the Hamilton County Justice Center (HCJC), brings this civil rights action under 42 U.S.C. § 1983 and Ohio state law against the City of Cincinnati, the Hamilton County Sheriff's Office, and HCJC employees C.O. M. Crawford, Lt. Reed, Lt. Buchanan, and Jail Investigator James High. (Doc. 6). Plaintiff sues the individual defendants in their individual and official capacities. (Doc. 6, at PageID 39). Plaintiff has paid the filing fee. (Doc. 5).

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b). Also before the Court is plaintiff's motion to appoint counsel. (Doc. 7).

## I.      Motion to Appoint Counsel

With respect to plaintiff's motion for the appointment of counsel, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Plaintiff's motion for appointment of counsel (Doc. 7) is therefore **DENIED**.

## II.     Screening of Plaintiff's Complaint

## A.     Legal Standard

Although plaintiff has paid the filing fee, the Court is required by statute to screen the complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or

"wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

3

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.      The Complaint**

It appears from the complaint that plaintiff is a pre-trial detainee at the HCJC. Plaintiff

claims that, on November 2, 2019, while he was housed in South 21, Pod-B, Cell Number 10,

defendant Crawford announced "chow" over the loudspeaker. According to plaintiff, while Pod-

B was lining up in front of their cells, Crawford looked over at Protective Custody Pod-B and

asked: "What the fuck is wrong with you hoe ass niggas, line the fuck up, fuck is wrong with

y[']all." (Doc. 6, at PageID 43).

Plaintiff alleges that he and the inmate from the cell next to him were in front of their

cells and, in response, threw their hands up and asked why Crawford was talking to them like

that. Defendant Crawford then purportedly entered the pod from the Guard's Booth and

demanded that plaintiff and the other inmate "take it in [their] cells." Plaintiff alleges that he

responded that he and the other inmate were not doing anything and asked for the sergeant to be

called. Crawford allegedly refused to call the sergeant and again told plaintiff to "take it in."

(Doc. 6, at PageID 43, 45).

According to plaintiff, as defendant Crawford advanced toward them, the other inmate

went into his cell. Plaintiff alleges, however, that Crawford grabbed him by the arms and, as

plaintiff braced himself against the wall, slammed him to the ground, fell on top of him, held his

hands down, and punched him in the left eye three times, causing instant swelling to the eye. (Doc. 6, at PageID 45).

Plaintiff alleges that a signal was called and additional guards arrived. Plaintiff asserts that he was handcuffed and taken to medical, where he received treatment for his eye and a non-defendant lieutenant took pictures. Plaintiff claims that as a result of the alleged incident he suffered permanent injury to his eye and has trouble seeing out of it. (Doc. 6, at PageID 45).

Plaintiff asserts that he filed grievances regarding the alleged incident and asked to press charges but "got denied." Plaintiff alleges that when he asked defendant Reed about grievances and pressing charges, she said she would look into it. Plaintiff further alleges that defendant High, the Jail Investigator, improperly closed his case. (Doc. 6, at PageID 45-46).

Plaintiff contends that he filed another grievance when defendant Crawford was again assigned to South 21 following the alleged incident. Defendant Buchanan allegedly answered the grievance, stating that the incident was still under review and that he could not tell the First Shift where they could assign officers to work. (Doc. 6, at PageID 46).

For relief, plaintiff seeks monetary damages. (Doc. 6, at PageID 44).

**C.    Analysis of the Complaint**

Through the Due Process Clause of the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment rights as are other inmates. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). "Thus, Supreme Court precedents governing prisoners' Eighth Amendment rights also govern the Fourteenth Amendment rights of pretrial detainees." *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016).

Liberally construed, without the benefit of briefing, the Court concludes at this juncture

5

that plaintiff may proceed with his cause of action against defendant Crawford in his individual capacity to the extent that plaintiff has alleged that Crawford used excessive force against him. However, the complaint is subject to dismissal in all other respects.

Plaintiff's complaint against the Hamilton County Sheriff's Office is subject to dismissal because the Sheriff's Office is not a "person" or legal entity that can be sued under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam) (holding that a sheriff's department "is not a legal entity subject to suit" under § 1983).

Next, to the extent that plaintiff brings claims against any individual defendant based on allegations that an unconstitutional custom or policy or failure to train resulted in the alleged denial of plaintiff's rights, such claims are official capacity claims and are treated as claims against Hamilton County, Ohio, the entity of which the individual defendants are agents. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). *See also Burley v. Gagacki,* 729 F.3d 610, 618 (6th Cir. 2013) ("'A municipality can be liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that his civil rights have been violated as a direct result of that municipality's policy or custom' or if a 'failure to train amounts to deliberate indifference' to such rights.") (quoting *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 900 (6th Cir. 2004)).

Here, plaintiff has failed to adequately plead that the alleged violation of his civil rights occurred as a result of a Hamilton County custom or policy or a failure to train. Plaintiff's conclusory failure-to-train and failure-to-discipline assertions (*see* Doc. 6, at PageID 46) are the

types of legal conclusion couched as a factual allegation that do not pass muster under *Twombly* or *Iqbal.* "A mere conclusory allegation that a municipality employs an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." *Hargrow v. Shelby Cty., Tenn.*, No. 13-2770, 2014 WL 3891811, at *4 (W.D. Tenn. Aug. 7, 2014). *See, e.g., Rowland v. City of Memphis, Tenn.*, No. 2:13-CV-02040-JPM, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013) (finding the plaintiff's allegations to be conclusory "because they simply assume that an unlawful seizure or disposal of property must be the result of the City's failure to train or the City's policies and procedures."). *See also Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (finding that "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief."); *Biggin v. Ohio*, No. 3:17-CV-2193, 2019 WL 3500921, at *7 (N.D. Ohio Aug. 1, 2019) ("Plaintiff's conclusory allegations, utterly devoid as they are, of any *factual* underpinning, simply cannot sustain a policy/practice failure to train claim."); *Austin v. City of Cincinnati*, No. 1:15-CV-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding "plaintiff's conclusory allegations of an 'implicit or explicit' unidentified policy and of a failure to train and supervisor, without more, fail to state" a plausible claim under § 1983), *report and recommendation adopted*, No. 1:15-CV-608, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016). As plaintiff has failed to state a claim for relief against Hamilton County under § 1983, plaintiff's official capacity claims against the defendants are subject to dismissal.

In the absence of factual allegations supporting a theory of municipal liability, plaintiff has also failed to state an actionable claim for relief against defendant City of Cincinnati.[1] *See Monell*, 436 U.S. at 694.

Additionally, plaintiff's claims against the individual defendants regarding the grievance procedure or defendants' alleged failure to investigate his complaints fail to state a claim for relief. Plaintiff has failed to state a claim because there is no constitutional right to an effective prison grievance procedure. *See Walker v. Mich. Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Further, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath,* No. 2:10–cv–968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).

Moreover, plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, to the extent that plaintiff asserts that defendants Reed, Buchanan, and High failed to initiate a criminal prosecution of defendant Crawford, such a claim is not cognizable under § 1983.

Finally, having concluded that plaintiff has failed to state a federal constitutional claim against defendants City of Cincinnati, Hamilton County Sheriff's Office, Lt. Reed, Lt. Buchanan, and Jail Investigator High, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claims against these defendants and dismiss any such claims without prejudice.

---

[1]Because plaintiff has failed to allege facts supporting a municipal-liability theory, the Court need not determine whether the City of Cincinnati would be a proper defendant in an action alleging a violation of rights at the HCJC.

Accordingly, in sum, the undersigned concludes that plaintiff may proceed at this juncture with his cause of action against defendant Crawford, in his individual capacity, for excessive force. Plaintiff's complaint is subject to dismissal in all other respects.

However, plaintiff has not submitted the necessary service of process forms for defendant Crawford. Therefore, **within thirty (30) days** of receipt of this Order and Report and Recommendation, plaintiff is **ORDERED** to submit a summons and United States Marshal Form for defendant Crawford so that service of process may be made in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint (Doc.6) be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of plaintiff's excessive-force cause of action against defendant Crawford in his individual capacity. *See* 28 U.S.C. § 1915A(b).

2. The Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state-law claims against dismissed defendants City of Cincinnati, Hamilton County Sheriff's Office, Lt. Reed, Lt. Buchanan, and Jail Investigator High and **DISMISS** any such claims **without prejudice.**

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. 7) is **DENIED**.

2. **WITHIN thirty (30) days** of receipt of this Order and Report and Recommendation,

plaintiff shall submit a completed summons and a completed United States Marshal Form for defendant Crawford so that defendant Crawford may be served with process in this case.

3. The Clerk of Court is **DIRECTED** to provide the plaintiff with a summons and United States Marshal Form for this purpose. Upon receipt of the completed summons and United States Marshal Form, the Court shall order service of process by the United States Marshal in this case.

4. Plaintiff shall serve upon defendant or, if an appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case for want of prosecution.

Date: _7/12/2021_

Karen L. Litkovitz
United States Magistrate Judge

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARIO GIBSON,                                    Case No. 1:21-cv-292
     Plaintiff,

                                  Barrett, J.
     vs.                                     Litkovitz, M.J.

CITY OF CINCINNATI, *et al.*,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).