UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIO GIBSON,<br>    Plaintiff, | Case No. 1:21-cv-292<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| CITY OF CINCINNATI, et al.,<br>    Defendants. | **ORDER** |

On June 9, 2022, plaintiff sent a letter to the Court asking, among other things, if the "courts receive[d] my paper work and my documents to compliment my suite [sic] that I sent in to [the] clerk of courts before I was sent here to C.R.C[.] from Hamilton County Justice Center????" (Doc. 41 at PAGEID 217). Plaintiff states, "I saw nothing in my civil docket stating the clerk rec[eived] the paper work I mailed in." (*Id*.). Plaintiff further states, "It say[s] on [the] civil docket that M. Crawford is terminated. Does that mean my suite [sic] is closed???" (*Id*.).

Plaintiff's lawsuit against defendant Michael Crawford remains pending before the Court. Defendant *M. Crawford* was terminated on January 28, 2022, upon the filing of plaintiff's amended complaint against defendant Michael Crawford. (*See* Doc. 26). To the extent that plaintiff requests the Court send him a copy of the docket sheet in this matter, plaintiff's request is **GRANTED**. The Clerk of Court is hereby **DIRECTED** to send plaintiff a copy of the docket sheet in the instant matter, Case No. 1:21-cv-292.

Plaintiff also asks the Court what his discovery obligations are in this matter: "What discovery do I have to have by November 28, 2022???" (Doc. 41 at PAGEID 217).[1] Plaintiff states he sent a request for a subpoena to obtain copies of pictures, grievance filings, and other

---

[1] The discovery deadline in this case is November 28, 2022. (Doc. 38).

documents from the day the alleged incident underlying this lawsuit occurred. (*Id*. at PAGEID 217-18). Plaintiff contends he did not receive anything "in return approving or den[ying] [his] subpoena[] request." (*Id*. at PAGEID 218). Plaintiff asks the Court to "inform" him of what steps he needs to take at this juncture. (*Id*.).

To the extent plaintiff seeks the advice of the Court regarding his discovery obligations, the Court denies his request. The Court is not permitted to give legal advice to any party to a lawsuit.

To the extent that plaintiff may be seeking to compel defendant Crawford to produce documents, plaintiff failed to show compliance with the Federal Rules of Civil Procedure and the local rules of this Court. As an initial matter, it does not appear that plaintiff sent his discovery requests to counsel for defendant Crawford, now that Crawford is represented. In addition, under Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Similarly, the local rules of this Court provide that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1.

There is no indication from plaintiff's letter to the Court that he first served requests for discovery on defendant Crawford through counsel pursuant to Fed. R. Civ. P. 34, that defendant

Crawford refused to comply with such requests, or that the parties attempted to resolve any dispute prior to the filing of plaintiff's letter to the Court. Before plaintiff may file any motions in Court seeking to compel discovery, he must contact counsel for defendant Crawford in an attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendant Crawford's counsel (such as writing a letter to defendant Crawford's counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must include in any motion to compel discovery a certification setting forth the extrajudicial means which have been attempted to resolve differences. Because plaintiff failed to do so in this case, his letter to the Court requesting discovery is **DENIED** on this basis.

    **IT IS SO ORDERED.**

Date: 6/14/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge