UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIO GIBSON,<br>  Plaintiff, | Case No. 1:21-cv-292<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| CITY OF CINCINNATI, et al.,<br>  Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, a former inmate at the Hamilton County Justice Center ("HCJC"), brings this action against defendant Michael Crawford ("Crawford" or "defendant"), a deputy sheriff at HCJC, under 42 U.S.C. § 1983. (Doc. 6).[1] This matter is before the Court on defendant's motion for summary judgment (Doc. 58), plaintiff's response in opposition (Doc. 66), defendant's reply memorandum (Doc. 67), plaintiff's reply memorandum (Doc. 68), plaintiff's motion for summary judgment (Doc. 52), defendant's response in opposition (Doc. 53), and plaintiff's reply memorandum (Doc. 55).

### I. Factual Background

This civil rights action stems from an incident that occurred on November 2, 2019, while plaintiff was a pretrial detainee at the HCJC. On that date, plaintiff alleges that Crawford used excessive force against him in violation of the Fourteenth Amendment's Due Process Clause.[2] That same day, plaintiff completed a grievance form numbered 34581 based on the November 2,

---

[1] Following *sua sponte* screening of plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), the only remaining claim in this civil action is plaintiff's excessive force cause of action against defendant Crawford in his individual capacity. (Docs. 8, 9).
[2] "While the Fourth Amendment's prohibition against unreasonable seizures bars excessive force against free citizens, the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons." *Hopper v. Plummer*, 887 F.3d 744, 751 (6th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986)). The Fourteenth Amendment's Due Process Clause governs a pretrial detainee's claims of excessive force and prohibits all "punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98, 400 (2015) ("pretrial detainees (unlike convicted prisoners) cannot be punished at all"; the Eighth Amendment, in contrast, prohibits only punishment that is "cruel and unusual.").

2019 incident involving Crawford. (Doc. 57-1, Exh. 1-A, at PAGEID 268). In this grievance form, plaintiff stated Crawford attacked and punched plaintiff in the eye three to four times. (*Id*.). On November 18, 2019, plaintiff completed a second form, under the same grievance number 34581, based on the November 2, 2019 incident because plaintiff had "not heard anything back" and his left eye remained blurry since the incident. (*Id*. at PAGEID 270). Plaintiff sought to file assault charges against Crawford. (*Id*.). On November 20, 2019, Hamilton County Sheriff's Office Lieutenant Buchanan ("Buchanan") responded to plaintiff's grievances submitted under number 34581 stating the "incident is being further reviewed." (*Id*. at PAGEID 266). Plaintiff did not appeal this response to his grievances. On November 26, 2019, plaintiff completed a second inmate grievance form under grievance number 34641 arising from the November 2, 2019 incident involving Crawford. (Doc. 57-2, Exh. 1-B, at PAGEID 275-76). On December 9, 2019, Buchanan responded to plaintiff's grievance number 34641 stating that the "incident is still under review." (Doc. 57-2, Exh. 1-B, at PAGEID 273). Plaintiff did not appeal this response. Plaintiff completed a final inmate grievance form under number 34877 on February 24, 2020. (Doc. 57-3, Exh. 1-C, at PAGEID 279-80).

On March 27, 2020, Hamilton County Sheriff's Office Captain Kerr ("Kerr") reviewed plaintiff's grievance number 34877 arising from the November 2, 2019 incident and determined that Crawford's use of force was compliant with department policies and procedures. (*Id*. at PAGEID 277). Kerr stated as follows:

> Mr. Gibson, I have reviewed your grievance. All use of force incidents are reviewed through the chain of command and ultimately filed by our Internal Affairs section. This use of force was signed off on through the entire chain of command and determined in compliance with our department policies and procedures.

(*Id*.). Plaintiff did not appeal this finding. (Doc. 57, William Wietmarschen Decl., at PAGEID 264).

2

**II. Summary Judgment Standard**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield v. Tenn.*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so

that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

## III. Analysis

### 1. Plaintiff's motion for summary judgment (Doc. 52)

When the movant on summary judgment is the party with the burden of proof on a claim, "the party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (in turn quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56–138 (3d ed. 2000)). *See also Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) ("[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.") (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues

4

of Material Fact, 99 F.R.D. 465, 487-88 (1984) (emphasis omitted))); *Prestige Capital Corp. v. Mich. Gage and Mfg., LLC*, 722 F. Supp. 2d 837, 842 (E.D. Mich. 2010) (when the movant bears the ultimate burden of persuasion, the "movant's affidavits and other evidence not only must show the absence of a material fact issue, they also must satisfy that burden")).

To prevail on a claim brought under § 1983, a plaintiff must demonstrate "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). To establish his due process claim against defendant, plaintiff must show that the force used by defendant was purposeful or knowing (as opposed to accidental) and was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Factors relevant to the objective reasonableness of force applied include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*.

Plaintiff argues that his motion for summary judgment should be granted "to not waste the courts (sic) time going to trial." (Doc. 52 at PAGEID 248). Without attaching any evidence to his motion, plaintiff argues the "factual video footage and photographs of plaintiff's injuries" cannot be disputed. (*Id*.). Plaintiff, however, submitted no evidence in support of his motion for summary judgment. Further, in responding to defendant's motion for summary judgment, plaintiff "apologize[d] to the courts for improperly filing a summary judgment [motion] under" Rule 56. (Doc. 66 at PAGEID 317).

Under Rule 56(c)(1):

> A party asserting that a fact cannot be or is genuinely disputed *must support the assertion by*:
>
> (A) *citing to particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1) (emphasis added).

Plaintiff's motion for summary judgment is not sworn or otherwise submitted under penalty of perjury. Plaintiff's motion is devoid of any evidentiary support at all, let alone factual support sufficient to carry his burden on his excessive force claim. The Court therefore recommends that plaintiff's motion for summary judgment (Doc. 52) be denied on this basis.

**2. Defendant's motion for summary judgment (Doc. 58)**

Defendant contends that he is entitled to summary judgment because (1) plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") before filing his action in this Court; (2) plaintiff has not raised a genuine issue of material fact that a constitutional violation occurred; (3) defendant is shielded from liability by the doctrine of qualified immunity; and (4) defendant is entitled to judgment as a matter of law on plaintiff's state law claims. (Doc. 58). Defendant supports his motion for summary judgment with the declaration of Assistant Office Manager and Grievance Coordinator for the Hamilton County Sheriff's Office William Wietmarschen and related exhibits; the declaration of defendant Crawford; and a copy of the security video of the incident involving plaintiff and defendant that took place in the HCJC on November 2, 2019. (Docs. 54, 56, 57).

**A. Exhaustion**

### i. Law on Exhaustion

Exhaustion of administrative remedies "is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id*. (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendant Crawford bears the burden of proof on exhaustion. *Id*.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally" and follow the "'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or

7

statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

Exhaustion may be excused where the grievance process is unavailable, which includes: "(1) a grievance process that 'operates as a simple dead end,' (2) a grievance process that is 'so opaque that it becomes, practically speaking, incapable of use,' or (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Wiley v. Ky. Dep't of Corr.*, No. 19-5368, 2020 WL 12933851, at *2 (6th Cir. Aug. 25, 2020) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)).  In order to rely on unavailability, a prisoner must demonstrate he took affirmative steps to comply with the prison's grievance process. *Id*. (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

## ii.  The HCJC Grievance Procedure

The inmate grievance process for the HCJC is governed by the policy and procedure attached to the Declaration of William Wietmarschen. (Doc. 57-4, Exh. 2, at PAGEID 283-88; *see also* Doc. 57, Wietmarschen Decl., at PAGEID 263-64).  The HCJC grievance procedure consists of two steps: (1) an initial grievance, and (2) an appeal to an Administrative Captain or Support Services Captain.  The inmate grievance policy states that an inmate may verbally lodge a grievance or may file a "Standard Grievance" in writing "within ten (10) days after the event has occurred." (Doc. 57-4, Exh. 2, at PAGEID 284).  If the inmate completes the standard form, he is required to "place the form in the mail box in their housing unit." (*Id*.).  The "Support Service Staff" are to review each grievance and "will record and log all grievances and required Information in the Jail Management System (JMS) and at the direction of the Grievance

8

Coordinator, refer unresolved grievances[3] to the proper department head." (*Id*. at PAGEID 284-85). The date that the grievance is referred to the department head also must be logged in the JMS system. (*Id*. at PAGEID 285). Once received by a department head, the department head enters a response in the same system "within ten (10) business days." (*Id*.). If additional time is required because the "findings indicate that the initial period is insufficient to make an appropriate decision," that too must be documented, and the inmate must be notified in writing. (*Id*. at PAGEID 288).

The second step of the HCJC grievance process is an appeal. The policy sets forth that process as follows:

> When a grievance cannot be resolved to the inmate's satisfaction by action at the department-head level within ten (10) days, the inmate may file an appeal to the Administrative Captain or Support Service Captain assigned to the Justice Center Complex whose area is affected. The inmate must request the appeal form from the Classification Specialist and file the appeal within ten (10) business dates [sic] of receipt of the original response.

(*Id*. at PAGEID 287).

The grievance policy is contained in the Inmate Handbook, and "[a] portion of the Inmate Handbook explaining how to file a grievance and how to appeal a grievance that was not resolved to the inmate's satisfaction is posted on the walls of housing areas within the Hamilton County Justice Center." (Doc. 57, Wietmarschen Decl., ¶ 4, at PAGEID 263-64).

### iii. The Parties' Positions

In his motion for summary judgment, Crawford argues that plaintiff did not exhaust his administrative remedies under the PLRA because plaintiff failed to file an appeal as required by the grievance policy. (Doc. 58 at PAGEID 294). Crawford contends that "it is undisputed that

---

[3] Prior to referral to the department head, the inmate grievance policy permits Support Service Staff to attempt to resolve the grievance informally. (Doc. 57-4, Exh. 2, at PAGEID 284).

there was an administrative process in place and that it was available to Plaintiff. Accordingly, Plaintiff failed to exhaust the administrative remedy that was made available to him by the Hamilton County Sheriff." (*Id*.).

Plaintiff appears to submit a declaration under penalty of perjury, in which he states that he "exhausted all his remedies to the full capacity." (Doc. 66 at PAGEID 325, 334). Plaintiff contends "there was no appeal form sent to Plaintiff Gibson to further decisions made from all grievance[s] filed pertainning (sic) [to] the use of force incident with Crawford and Gibson." (*Id*.). Plaintiff also argues that neither Mr. Wietmarschen, nor any other "jail official," went to "come see" plaintiff or "touch basis about the excessive use of force." (*Id*. at PAGEID 325-26).

In his reply memorandum, defendant argues that plaintiff "fails to dispute the testimony provided by Mr. Wietmarschen" and "concedes that he did not file an appeal of his original grievance as required by the Hamilton County Sheriff's Office grievance policy." (Doc. 67 at PAGEID 390). Defendant further argues that plaintiff's "claim that no one came to see him regarding the outcome of his grievance is demonstrably false" because "[t]he grievance response form dated March 27, 2020 formally denying Plaintiff's grievance was signed by Plaintiff and that signature was also dated March 27, 2020." (*Id*. at PAGEID 390-91, citing Doc. 57-3 at PAGEID 277).

### iv. Analysis

The issue before the Court is whether any genuine dispute of material fact exists as to whether plaintiff fully and completely exhausted his administrative remedies under the HCJC's grievance policy and procedure. The Court recommends that defendant's motion for summary judgment be granted on exhaustion grounds because there is no genuine dispute of material fact about whether plaintiff failed to file an appeal within ten days of the receipt of the original

10

response concerning grievance number 34877 by the HCJC. (*See* Doc. 57, Exh. 1-C, at PAGEID 277).

The following represents a summary of plaintiff's grievances, the responses, and whether any appeal was filed by plaintiff concerning the individual grievances:

| Grievance Number | Date of Grievance | Response | Appeal Filed? |
|---|---|---|---|
| #34581 | November 2, 2019<br>November 18, 2019 | November 20, 2019:<br><br>"This incident is being further reviewed." | No |
| #34641 | November 26, 2019 | December 9, 2019:<br><br>"This incident is still under review." | No |
| #34877 | February 24, 2020 | March 27, 2020:<br><br>"Mr. Gibson, I have reviewed your grievance. All use of force incidents are reviewed through the chain of command and ultimately filed by our Internal Affairs section. This use of force was signed off on through the entire chain of command and determined in compliance with our department policies and procedures." | No |

*Richardson v. Leis*, No. 1:08-cv-600, 2010 WL 518177 (S.D. Ohio Feb. 3, 2010), is factually similar to the instant matter. In *Richardson*, the court granted the defendant's motion for summary judgment where the plaintiff failed "to exhaust his administrative remedies, both by failing to file timely and by failing to complete the grievance process through appeal." *Id*. at *4. There, the plaintiff filed a grievance seeking to be compensated for allegedly over-serving his

previous sentence while he was incarcerated at the HCJC. *Id*. at *1. The HCJC grievance policy provided that "an inmate may appeal the disposition of a grievance within 10 days of the disposition." *Id*. at *2. The court granted the defendant's motion for summary judgment because the plaintiff "fatally failed to properly exhaust his administrative remedies because he did not appeal the disposition of his . . . grievance." *Id*. at *4. In finding the plaintiff failed to exhaust his administrative remedies, the court stated as follows:

> Here, the inmate grievance policy at the Justice Center provides that an inmate may appeal the disposition of a grievance within 10 days of the disposition. (Doc. 30, Ex. A). Thus, Plaintiff did not complete the grievance process and therefore did properly exhaust his administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1997) ("*an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies. . . .*" (emphasis supplied) (citing *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir.), *cert denied*, 522 U.S. 906, 118 S. Ct. 263, 139 L.Ed.2d 190 (1997)); *see also Woodford*, 548 U.S. at 90 ("proper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out. . . .'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

*Id*.

Here, as in *Richardson*, the HCJC grievance policy provides that an inmate "may file an appeal to the Administrative Captain or Support Service Captain assigned to the Justice Center Complex whose area is affected. The inmate must request the appeal form from the Classification Specialist and file the appeal within ten (10) business dates (sic) of receipt of the original response." (Doc. 57-4, Exh. 2, at PAGEID 287). The record shows plaintiff signed the original response to his grievance number 34877 on March 27, 2020, signifying he received the response. (Doc. 57-3, Exh. 1-C, at PAGEID 277).

There is, however, no record evidence that plaintiff requested the applicable appeal form or appealed the HCJC's March 27, 2020 determination that Crawford's use of force was compliant with department policies and procedures. Mr. Wietmarschen averred that plaintiff's

12

grievances concerning the use of force by defendant Crawford that occurred on November 2, 2019 were "denied on the basis that the use of force utilized against Mario Gibson by Michael Crawford was determined to be in compliance with the policies and procedures of the Hamilton County Sheriff's Office" and plaintiff "did not appeal this finding as required by Section V of the Hamilton County Sheriffs Office's Policy and Procedure for the Inmate Grievance Process." (Doc. 57, Wietmarschen Decl., ¶ 9, at PAGEID 264).

Plaintiff has not provided any evidence rebutting Mr. Wietmarschen's declaration to show a genuine issue of material fact as to whether plaintiff exhausted his administrative remedies. Rather, plaintiff argues that "there was no appeal form sent" to him. (Doc. 66 at PAGEID 325). Plaintiff's argument, however, runs contrary to the HCJC grievance policy, which expressly requires the inmate to "request the appeal form from the Classification Specialist and file the appeal within ten (10) business dates (sic) of receipt of the original response." (Doc. 57-4, Exh. 2, at PAGEID 287). It is undisputed that plaintiff did not request the applicable appeal form or file an appeal. Therefore, defendant has carried his burden to show that plaintiff did not exhaust his administrative remedies for his claim based on defendant's alleged use of force that occurred on November 2, 2019. Moreover, plaintiff does not claim that exhaustion would have been futile or that he has any other valid excuse for failing to timely exhaust his administrative remedies. Therefore, the Court recommends that defendant's motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies be granted.[4]

Both the Sixth Circuit and this District Court have found that "if a claim is dismissed on the procedural ground of failing to exhaust under the PLRA, the dismissal is without prejudice."

---

[4] Consistent with this recommendation, the Undersigned does not reach the merits of plaintiff's Fourteenth Amendment excessive use of force claim against defendant Crawford.

*Payne v. Gifford*, No. 1:16-cv-514, 2017 WL4329631, at *6 (S.D. Ohio Sept. 5, 2017) (*Report and Recommendation*) (Bowman, M.J.) (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("A dismissal under § 1997e should be without prejudice."), *adopted*, 2017 WL 4310543 (S.D. Ohio Sept. 28, 2017) (Barrett, J.). Defendant Crawford has not shown why the Court should decline to follow *Payne* and the guidance provided in *Boyd*, under which dismissal of plaintiff's excessive force claim against defendant Crawford should be without prejudice. Plaintiff's unexhausted claim should therefore be dismissed without prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment on exhaustion grounds (Doc. 58) be **GRANTED** and that plaintiff's excessive force claim against defendant Crawford be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

2. Plaintiff's motion for summary judgment (Doc. 52) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/13/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIO GIBSON,<br>    Plaintiff, | Case No. 1:21-cv-292<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| CITY OF CINCINNATI, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).