UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIO GIBSON, | Case No. 1:21-CV-292 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| MICHAEL CRAWFORD, | **OPINION & ORDER** |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of July 14, 2023. (Doc. 69). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72(b), and Plaintiff Mario Gibson has timely objected, (Doc. 71).

I. **RELEVANT BACKGROUND**

This 42 U.S.C. § 1983 action arose from an incident that occurred on November 2, 2019, when Gibson was a pretrial detainee at the Hamilton County Justice Center ("HCJC"). Gibson alleges that Michael Crawford, a corrections officer at HCJC, slammed him to the ground, held his arms down, and punched him repeatedly in the eye, resulting in permanent injury. (Doc. 26, PageID 133). Gibson immediately submitted a grievance form, and then submitted another grievance form under the same number on November 18, because he had yet to receive a response. (Doc. 57, PageID 270). Lieutenant Buchanan of the Hamilton County Sheriff's Office responded on November 20, informing Gibson that the "incident [was] still under review." (*Id.*, PageID 266). Gibson filed a third grievance the following week and received the same response. (*Id.*, PageID 273).

1

On March 27, 2020, following Gibson's submission of an additional grievance form in February, he received an official response that "[a]ll use of force incidents are reviewed through the chain of command," and the use of force against him "was signed off on through the entire chain of command and determined in compliance with [Hamilton County Sheriff's Office] department policies and procedures." (*Id.*, PageID 277). Gibson did not appeal the resolution of his grievances, but instead brought the underlying action approximately one year later.

Upon screening the complaint pursuant to 28 U.S.C. § 1915A(b)(1), the Magistrate Judge concluded that Gibson's excessive force claim against Crawford could proceed, but recommended that the remaining claims in his complaint be dismissed because (1) the Hamilton County Sheriff's Office cannot be sued under § 1983; (2) Gibson failed to adequately plead that the alleged violation of his civil rights occurred as a result of a Hamilton County custom or failure to train; and (3) Gibson did not put forth factual allegations against the City of Cincinnati sufficient to support a theory of municipal liability. In addition, the Magistrate Judge found that Gibson's remaining official-capacity claims were subject to dismissal because he failed to state a claim for relief against Hamilton County, and recommended that the Court decline to exercise supplemental jurisdiction over Gibson's state law claims.

The Court adopted the R&R in full, (Doc. 9), and after several procedural speedbumps and a limited exchange of discovery material, both parties moved for summary judgment, (Docs. 52 & 58). On review, the Magistrate Judge did not reach the merits of Gibson's claim against Crawford, instead finding no genuine dispute of material fact about whether Gibson failed to file an appeal within ten days of receipt of the

response to his grievance. Accordingly, the Magistrate Judge recommended that the complaint be dismissed without prejudice for failure to exhaust administrative remedies.

## II. SUMMARY JUDGMENT STANDARD

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the Court "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a fact is "material" only when its resolution affects the outcome of an action, and a dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

If the moving party has satisfied its initial burden of showing the absence of a genuine issue of material fact, the nonmoving party may not rest on the mere allegations in the pleadings, but must instead put forth specific facts showing that there is a genuine issue for trial. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This standard of review remains the same for reviewing cross-motions for summary judgment. *Ohio State Univ.*

*v. Redbubble, Inc.*, 989 F.3d 435, 441-42 (6th Cir. 2021); *see Harris v. City of Saginaw*, 62 F.4th 1028, 1032-33 (6th Cir. 2023) ("In review of the *defendant's* motion, we accept the *plaintiff's* view of the facts as true and draw all reasonable inferences in favor of the *plaintiff*;" whereas "in review of the *plaintiff's* motion, we accept the *defendant's* view of the facts as true and draw all reasonable inferences in favor of the *defendant*.").

### III. ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before bringing a civil rights action against prison officials. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A prisoner need not plead exhaustion; rather, prison officials must raise the failure to exhaust as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Administrative remedies are properly exhausted when a prisoner "complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017); *cf. Napier v. Laurel County*, 636 F.3d 218, 223-24 (6th Cir. 2011) ("The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.").

Gibson submitted his first grievance form on November 2, 2019, after the interaction with Crawford. (Doc. 57, PageID 268). On November 18, Gibson filed another grievance regarding the status of the original; he was informed that two days later that the "incident [was] still under review." (*Id.*, PageID 266). On November 26, Gibson filed a third grievance, again inquiring as to the status of the original grievance; he was again informed that the "incident [was] under review." (*Id.*, PageID 273). Finally, on February 24, 2020, Gibson submitted his final grievance inquiring as to the status of his original

4

grievance. (*Id.*, PageID 279). He received the final response on March 27. (*Id.*, PageID 277).

The record reflects that Gibson did not seek to appeal the final disposition of his original grievance, nor did he appeal or otherwise dispute the intervening responses. Gibson contends in his objections "that he attempted to exhaust administrative remedies but was thwarted from doing so by HCJC staff." (Doc. 71, PageID 424). He does not explain how, though, and his assertion is undermined by the very fact that he was still able to file multiple grievances between November 2019 and February 2020.[1]

To be sure, HCJC officials did not adhere to the stated policy that "[t]he department head should seek to remedy and shall answer [a] grievance within ten (10) business days through an informal resolution in which both parties agree verbally on a remedy or through a formal written resolution." (Doc. 57, PageID 285). But the extended period of HCJC's investigation did not render Gibson's administrative remedies unavailable. The critical fact is that Gibson simply did not request an appeal form or file a timely appeal as required by HCJC's grievance procedures, (*see id.*, PageID 287), and he therefore did not properly exhaust his administrative remedies.[2]

## IV.  CONCLUSION

Having conducted careful de novo review of the R&R, as well as the underlying evidence and pleadings in the record, the Court **OVERRULES** Gibson's objections, and **ACCEPTS** and **ADOPTS** the R&R, (Doc. 69), for the reasons stated therein.

---

[1] Gibson also failed to submit any summary judgment evidence that would reflect an attempt to appeal the dispositions of his grievances or show that HCJC officials thwarted his efforts to do so.
[2] Because Gibson did not take any affirmative steps to comply with the grievance procedures available to him, it is not appropriate for the Court to analyze in the first place whether he was thwarted from doing so. *See Napier*, 636 F.3d at 223-24.

In accordance with the R&R, Gibson's motion for summary judgment, (Doc. 52), is **DENIED**, and Crawford's motion for summary judgment, (Doc. 58), is **GRANTED**. Gibson's excessive force claim against Crawford is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett
                                               United States District Judge